IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARMANDO GARCIA - GARCIA, | Civil Case No. _____ |
| Petitioner, | |
| | Criminal Case No.: 97-076 (DRD) |
| vs. | [Criminal Defendant No. 008] |
| | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255 (Rev.2004)**

---

Now Comes the Petitioner, Armando Garcia-Garcia, who, appearing this day pro se and without the aid of counsel, respectfully and humbly submits the instant memorandum of points and authorities in support of his accompanying motion to vacate, set aside, or correct his sentence, pursuant to Title 28, United States Code, Section 2255 (2004 Edition) Id. 28 U.S.C. §2255.[1]

Petitioner Garcia-Garcia's application raises several questions of valid constitutional, statutory, evidentiary, and procedural law; sentencing guideline applications and interpretations; and a fortiori, the question of the ineffectiveness of counsel appointed to represent and mediate the better legal interests of Petitioner Garcia-Garcia throughout the underlying trial, sentencing, and appellate proceedings, as a matter of profound consequences and detrimental prejudice to Petitioner Armando Garcia-Garcia, to wit:

---

[1]: As the contentions asserted within the instant §2255 proceeding subjudice raises several meritorious questions of constitutional, statutory, evidentiary, and procedural law, pro se Petitioner Armando Garcia-Garcia would respectfully request this Honorable Court to construe this pro se pleading liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

### G R O U N D   O N E:

The sentencing court erred in assessing criminal history points against the Petitioner pursuant to U.S.S.G. §4A1.1(a), §4A1.1(d), and §4A1.1(e), for intertwined conduct relevant the instant offense of conviction underlying; and counsel was ineffective for failing to object to same and/or litigate same on direct appeal, grossly violative of Petitioner Garcia-Garcia's Sixth Amendment right under the U.S. Constitution to effective assistance of counsel.

### G R O U N D   T W O:

The sentencing court erred in failing to state in open court, at sentencing, the reasons for its imposition of the particular sentence against Petitioner Garcia-Garcia, as required by Title 18, United States Code, Section 3553(c), and counsel was ineffective for failing to object to, argue, and litigate same on Petitioner's direct appeal, grossly violative of Petitioner Garcia-Garcia's Sixth Amendment right under the U.S. Constitution to effective assistance of counsel, signifying the instant cumulative error herein.

### G R O U N D   T H R E E:

The sentencing court erred in determining the drug quantity attributable to Petitioner's offense conduct for sentencing purposes without making an individualized finding as to drug amount and drug type attributable to and foreseeable by Petitioner, thus shifting the burden of drug quantity attributable to the conspiracy as a whole against Petitioner for guideline sentencing purposes, and counsel was ineffective for failing to object to, argue, and litigate same on Petitioner's direct appeal, grossly violative

- 2 -

of Petitioner Garcia-Garcia's Sixth Amendment right under the U.S. Constitution to effective assistance of counsel, exceeding cumulative error herein.

### G R O U N D    F O U R:

Petitioner's sentence was imposed in violation of the Sixth Amendment of the United States Constitution, where Petitioner's assessed sentencing range under the sentencing guidelines was increased beyond the maximum he would have received if punished according to the facts reflected in the jury verdict alone, based upon the sentencing court's additional judge-made findings under the erred preponderance of the evidence standard of review, rather than the appropriate beyond a reasonable doubt standard of review, and counsel was ineffective for failing to adequately raise and argue same on Petitioner's appeal, grossly violative of Petitioner Garcia-Garcia's Sixth Amendment rights under the United States Constitution to effective assistance of counsel and trial by jury on every element of the underlying offense charged.

### ADOPTION OF CO-DEFENDANT TRIAL MANAGEMENT ARGUMENTS:

Petitioner Garcia-Garcia HEREBY further moves to adopt the §2255 claims and arguments raised by co-defendants reference trial management issues, on account of Petitioner's late receipt of his trial transcripts, compelling Garcia-Garcia to share limited portions of the transcripts of co-defendants, struggling against the co-defendants' interests in timely filing their §2255 Motions utilizing said co-defendant's transcripts thereof.

## I. INCORPORATION BY REFERENCE:

The facts set forth in the Government Form A0243, more commonly referred to as "Petitioner's §2255 Application", are incorporated by reference herewith as if set forth at length therat. All grounds asserted in the §2255 Application therefore, are incorporated at length hereinafter.

## II. STATEMENT OF JURISDICTION:

Section 2255 provides that prisoners may move for relief on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. See Title 28, United States Code, Section 2255 (West 2004 ed.). Accord, id. & Rule 1(1) of the Rules Governing Section 2255 Proceedings. See also, Massaro V. United States,          (2003)("an ineffective assistance of counsel claim may and shall be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal.

In the instant case subjudice, Petitioner Garcia-Garcia, while raising various substantive claims of the underlying sentences being in excess of the maximum authorized by law, imposed without jurisdiction, and otherwise subject to collateral attack, configurates the claims via in forum of ineffective assistance of counsel for failing to object, raise, argue, and appeal same.

### III. STATEMENT OF THE CASE:

Petitioner Armando Garcia-Garcia is the subject of a two-count Superceding Indictment returned by a Grand Jury sitting in the District of Puerto Rico, on December 14, 1998, charging Petitioner in Count Two (the only count concerning Petitioner Garcia-Garcia) as to that from on or about January 1, 1990, and continuing until on or about March 7, 1994, in the District of Puerto Rico and elsewhere, conspiring to distribute multi-kilogram quantities of various controlled substances, that is to say, in excess of five kilograms of cocaine; in excess of five kilograms of heroin; in excess of five kilograms of cocaine base; and in excess of one hundred kilograms of marihuana, as prohibited by Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846. (DE:397)[Superceding Indictment]

In due course thereafter, Petitioner Garcia-Garcia exercised his Sixth Amendment right to trial by jury, and a jury trial commenced December 28, 1998. (DE:464)

Unfortunately, on June 25, 1999, the jury returned a verdict of guilty against Petitioner Garcia-Garcia as to Count Two of the Superceding Indictment, however, absent specific findings as to the quantity and/or type of controlled substances supportive of the jury's verdict, inter alia.

Consequentially, on February 28, 2000, Petitioner Garcia-Garcia was sentenced to a term of life imprisonment, (DE:1194) and final judgment was entered on March 9, 2000. (DE:1205)

Petitioner Garcia-Garcia caused 'notice of appeal' to be filed thereafter, on March 8, 2000, seeking appellate review from the First Circuit Court of Appeals as to the underlying judgment of conviction and sentence. (DE:1202)

The First Circuit Court of Appeal affirmed Petitioner's conviction and sentence, November 20, 2003; and denied Petitioner Garcia-Garcia panel rehearing and/or en banc review, while further modifying a portion of the First Circuit's original opinion, January 22, 2004. See United States of America v. Armando Garcia-Garcia, No. 00-1488 (1st Cir. 2004).

Petitioner Garcia-Garcia thereafter petitioned the Supreme Court of the United States for certiorari, of which the Supreme Court denied June 1, 2004.

Subsequently, Petitioner Garcia-Garcia motioned the First Circuit Court of Appeals for recall of the First Circuit's mandate, which the First Circuit denied, December 10, 2004. See United States v. Armando Garcia-Garcia, No. 00-1548 (1st Cir. 2004). Exhibit -B- hereto.

Garcia-Garcia petitioned for writ of certiorari to the Supreme Court of the United States pertinent the First Circuit's denial of his motion to recall the First Circuit's mandate, of which the Supreme Court denied February 28, 2005. See United States v. Armando Garcia-Garcia, No. 04-8347 (U.S. 2005). Exhibit -C- hereto.

The instant Motion Under 28 U.S.C. §2255 follows thereinafter.

- 6 -

## G R O U N D   O N E

THE SENTENCING COURT ERRED IN ASSESSING CRIMINAL HISTORY POINTS
AGAINST   THE   PETITIONER   PURSUANT   TO   U.S.S.G.   §4A1.1(a),
§4A1.1(d),   AND   §4A1.1(e),   FOR   INTERTWINED   CONDUCT   RELEVANT
THE   INSTANT   OFFENSE   OF   CONVICTION   UNDERLYING;   AND   COUNSEL
WAS   INEFFECTIVE   FOR   FAILING   TO   OBJECT   TO   SAME   AND/OR   LITIGATE
SAME   ON   DIRECT   APPEAL,   GROSSLY   VIOLATIVE   OF   PETITIONER'S
SIXTH   AMENDMENT   RIGHT   UNDER   THE   UNITED   STATES   CONSTITUTION

Petitioner Armando Garcia-Garcia contends herein that the sentencing
court erred in assessing criminal history points against the Petitioner
pursuant to U.S.S.G. §4A1.1(a), §4A1.1(d), and §4A1.1(e), for intertwined
conduct relevant the instant offense of conviction underlying; and that
counsel was grossly ineffective for failing to object to same and litigate
same on direct appeal, grossly violative of Petitioner's Sixth Amendment
right under the United States Constitution.

Specifically, the indictment of which Petitioner Garcia-Garcia is
subjected alleges that from on or about January 1, 1990, and continuing
until on or about March 7, 1994, in the District of Puerto Rico and
elsewhere, Petitioner Garcia-Garcia and others known and unknown to the
grand jury, did conspire and agree with each other to commit an offense
against the United States, to wit, to distribute multi-kilograms of
controlled substances, that is to say, in excess of five (5) kilograms
of heroin, in excess of five (5) kilograms of cocaine, in excess of five
(5) kilograms of cocaine base, and in excess of one hundred (100) kilograms
of marihuana, as prohibited by Title 21, U.S.C. §§841(a)(1) and 846.

- 7 -

Trial testimony presented by the government throughout the course of the trial against Petitioner Garcia-Garcia in support of the charging indictment demonstrated that Petitioner Garcia-Garcia distributed, packaged and sold controlled substances in furtherance of the charged conspiracy from the beginning to the end (January 1, 1990 through March 7, 1994).

Advancing to the sentencing proceeding subsequent the underlying trial, the probation office ironically recommended, and the sentencing court adopted, an erred assessment of criminal history points for prior controlled substance violations committed by Petitioner Garcia-Garcia during the course of the charged conspiracy, previously prosecuted by state superior courts of Puerto Rico, categorized by the government throughout the trial as, not §404(b) evidence, but evidence of relevant and related intertwined conduct.

Petitioner Garcia-Garcia herein contends that the criminal history points denounced herein should be amputated and he be resentenced, where the erred assessment unequivocally increases the sentence Garcia-Garcia should have received according to the indictment, jury verdict, and United States Sentencing Guidelines.

(A): §4A1.1(a) CRIMINAL HISTORY POINTS ASSESSED:

Petitioner Garcia-Garcia was subjected to a three-point criminal history assessment for a controlled substance offense, in violation of Article 404 in the Arecibo Superior Court of Puerto Rico. The Superior Court records reflect as to this Article 404 offense that, on August 13,

1993, Petitioner Garcia-Garcia "possessed with the intent to distribute cocaine and marihuana", without having the legal authority to do so. See EXHIBIT -D- attached hereto. id. PSI, page 10, ¶27.


Section 4A1.1(a), in governing the application and assessment of said criminal history points, directs the court to add three criminal history points to a defendant's criminal history score for "each prior sentence of imprisonment exceeding one year and one month." However, Section 4A1.1(a)(1) defines a "prior sentence" as one "[p]reviously imposed upon adjudication of guilt -- for conduct not part of the instant offense."

Section 1B1.3 provides support herein the instant argument in its indication that "relevant conduct" is the conduct that is 'part of the instant offense'. This interpretation is confirmed by subsequent clarifying amendments to the guidelines. See U.S.S.G. §1B1.11(b) (Nov. 1993).

The commentary to the 1993 version of §4A1.1 provides that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)." See also, U.S.S.G. §4A1.2 comment. (note 1) (November 1993).


To make the factual determination of whether such conduct is relevant conduct, rather than a prior conviction, district courts consider several factors, including temporal and geographical proximity, common victims, and a common criminal plan or intent. See United States v. Troncoso, 23 F.3d 612 (1st Cir. 1994)(indicating that this issue presents one of first impression in the First Circuit, but citing and adopting the Sixth and Tenth Circuits approach in United States v. Beddow, 957 F.2d 1330, 1338-

- 9 -

39 (6th Cir. 1992) and <u>United States v. Banashefski</u>, 928 F.2d 349 (10th Cir. 1992).

Here, Petitioner Garcia-Garcia pled guilty in the state superior court upon adjudication that on August 13, 1993, he 'possessed with the intent to distribute cocaine and marihuana'. In the instant offense of conviction, likewise, Petitioner Garcia-Garcia was convicted upon similar adjudication that "[f]rom on or about January 1, 1990, and continuing until on or about March 7, 1994, in the District of Puerto Rico and ... elsewhere ..., he and others "conspired to possess with the intent to distribute , inter alia, cocaine and marihuana".

The conduct for which Petitioner Garcia-Garcia was convicted in the state superior court for Puerto Rico comprises part of the conduct alleged in the count of the indictment of which Petitioner Garcia-Garcia was convicted in the underlying federal case herein. Garcia-Garcia's state-court offense was part of the same criminal scheme herein, and was further committed within the same time period and in furtherance of the charged conspiracy of which Petitioner Garcia-Garcia was convicted in this Court.

Significant support for this argument is observed during the course of the government's March 24, 1999 argument, rebutting the objections of numerous defendants in the context that "the prior state pleas being introduced to prove acts committed by the defendants in furtherance of the conspiracy were 404(b) violations," where the government opined:

> "[W]hat we are seeking to introduce is the admissions of these defendants before a different forum with respect to overt acts that we proved here they committed. We are not attempting

to introduce a previous conviction. There is a big difference.

...What we're seeking to do here, is something very different,
it is to admit the various statements made by these defendants
in another place, anywhere. It doesn't matter where the
admission was made. The fact is that it was made by a defendant
And the rules provide that those admissions are admissible
against them even if they were made five years ago, ten years
ago, whenever they were made."

id. TR:03/24/1999: pp.84-97    Exhibit  -E-  attached hereto
See also, TR:06/23/1999, p.19:7  Exhibit  -F-  Attached hereto

Of further support, also significant, observed during the course

of the underlying sentencing proceedings where this error occurred, is

the government's argument highlighting Petitioner Garcia-Garcia's criminal

history in intertwined combination with the charged conspiracy, to wit:

"A]rmando Garcia-Garcia was a member of that conspiracy
througout that entire period of time (TR:16:5-6). In addition
to that, Your Honor, a defendant stands before this Court who's
been through the justice system before. Part of the reason
that he has a criminal history category four is the fact that
he had prior state convictions, and notwithstanding the fact
that those convictions had been ---(?)--- had sentences imposed
he continued to participate in the conspiracy charged in this
case..."

id. SENT-TR:02/28/2000: pp.16-17  Exhibit  -G-  attached hereto

Wherefore, it is thus demonstrated afore that the sentencing court

erred in the criminal history points assessed Petitioner Garcia-Garcia,

and counsel was grossly ineffective for failing to object to, argue, and

litigate same on direct appeal in behalf of Petitioner Garcia-Garcia.

- 11 -

(B): §4A1.1(d) CRIMINAL HISTORY POINTS ASSESSED:

Petitioner Garcia-Garcia was further subjected to an additional two-point criminal history assessment for the probation officer's misplaced allegation that Garcia-Garcia committed the instant offense of conviction while under a criminal justice sentence, pursuant to U.S.S.G. §4A1.1(d).

Section 4A1.1(d), in governing the application and assessment of said criminal history points, directs the court to add two criminal history points to a defendant's criminal history score "if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence."

The commentary application note to Section 4A1.1(d) provides that for the purposes of this item, a "criminal justice sentence" means a sentence countable under §4A1.2 having a 'custodial' or 'supervisory component'...

In the instant case subjudice, there appears two problematic encounters with the afore-described §4A1.1(d) application. Firstly, there was presented nor mentioned during the underlying proceedings any information that Garcia-Garcia distributed nor conspired to distribute narcotics while imprisoned for the "relevant" state narcotic offenses, which are under attack heretofore. There further exists no information of Garcia-Garcia being under a probation sentence, let alone any "criminal justice sentence" any time pertinent.

The underlying presentence investigation report indicates that on May 10, 1991, Petitioner Garcia-Garcia, after a plea of guilty, was sentenced to a term of imprisonment of six(6) months, and released from custody on

said sentence, August 4, 1991, without parole. See Exhibit -D- (Presentence Investigation Report), page 9, paragraph 25. Thus, there appears no "criminal justice sentence" capable of being associated with points under §4A1.1(d).

The underlying presentence investigation report further indicates that on September 25, 1992, Petitioner Garcia-Garcia, after a plea of guilty, was sentenced to a term of imprisonment of one(1) year, and released from custody on said sentence, April 21, 1993, without parole. See Exhibit -D- (Presentence Investigation Report), page 9, paragraph 26. Thus, there appears no "criminal justice sentence" capable of association with §4A1.1(d) therein.

The underlying presentence investigation report lastly indicates that on April 14, 1994, Petitioner Garcia-Garcia, after a plea of guilty, was sentenced to a term of imprisonment of two(2) years, far after the alleged termination of the charged instant offense of conviction. Thus, there likewise appears no "criminal justice sentence" capable of association with §4A1.1(d). See Exhibit -D- (Presentence Investigation Report), page 10, paragraph 27.


While there exists scarce case law authority as to this argument within First Circuit Jurisprudence, the First Circuit is observed to have adopted the jurisprudence of other circuits in addressing issues of criminal history assessments under §4A1.1. See United States v. Troncoso, supra.

Following this adoption, Petitioner Garcia-Garcia points to the previous holdings of the Eighth in the matter of United States v. Manuel, 944 F.2d 414 (8th Cir. 1991), and the Ninth Circuit in the matter of United States v. Kayfez, 957 F.2d 677 (9th Cir. 1992) for guidance hereinafter.

In Manuel, for demonstration, the court therein held that the sentencing

- 13 -

court's assessment of two criminal history points, pursuant to §4A1.1(d) based on defendant's failure to appear while under "a criminal justice sentence" was erroneous since the defendant was not under a sentence in his federal instant offense of conviction when he failed to appear.

Advancing the argument, in Kayfez, the court therein held that in determining whether sentencing court properly assessed against the defendant two additional criminal history points under Sentencing Guidelines for possessing counterfeit notes while on mandatory supervised release and for possessing notes within two years of release from prison, not only date of possession charged in indictment was relevant, but rather sentencing court could consider entire period that defendant possessed notes continuously from time that he apparently made them until they were seized.

Herein, Petitioner Garcia-Garcia, unlike the defendants of Manuel and Kayfez, was indicted for conspiring to distribute narcotics "[f]rom on or about January 1, 1990... As such, Garcia-Garcia is evidenced to have thus committed the instant offense far prior to the commission of the sentences imposed pertinent the state narcotic offenses. See Appellate Brief for the United States [Exhibit  -H- ], page 127, ("Garcia-Garcia, on the other hand was an active participant in the conspiracy from beginning to end. The record reflects that he sold drugs at Cuba Street in 1990 and 1991. TT,1/19/99, page 29; 1/21/99, page 100,130...Throughout 1992 and 1993, he 'worked the table,' that is, packaged the drugs. TT, 1/26/99, page 13; 3/25/99, page.13.") See also First Circuit Opinion, [Exhibit  -I- ], page 10, ("Armando Garcia-Garcia sold narcotics ... from 1990 to 1991, packaged drugs in 1992, and sold drugs at Callejon Nueve in 1993.')

Wherefore, it is further demonstrated afore that the sentencing court erred in the criminal history points assessed Petitioner Garcia-Garcia under §4A1.1(d), and counsel was grossly ineffective for failing to object to, argue, and litigate same on direct appeal in behalf of Garcia-Garcia.

(C): §4A1.1(e) CRIMINAL HISTORY POINTS ASSESSED:

Petitioner Garcia-Garcia was lastly subjected to an additional one-point criminal history assessment for the probation officer's misplaced allegation that Garcia-Garcia committed the instant offense of conviction less than two(2) years after release from imprisonment on the sentence of May 10th, 1991, pursuant to U.S.S.G. §4A1.1(e).

While the clear language of the Section itself is sufficient to prevail on the claim herein, Petitioner Garcia-Garcia simply contends that on May 10, 1991, he was evidenced to have been "already in the commission of the charged conspiracy", and the assertion of the probation officer that he committed the underlying conspiracy within two years following his August 4, 1991 release from imprisonment, fails in numerous aspects.

Should the government desire to adopt the position of the probation officer, then clearly Petitioner Garcia-Garcia is now said to have joined the underlying conspiracy on or after August 4, 1991, when he was released from imprisonment on the "relevant" state offense.

Wherefore, it is demonstrated afore that the sentencing court erred in the criminal history points assessed Garcia-Garcia, and counsel was grossly ineffective for failing to object to, argue, and litigate same on appeal.

G R O U N D     T W O

THE SENTENCING COURT ERRED IN FAILING TO STATE IN OPEN COURT,
AT SENTENCING, THE REASONS FOR ITS IMPOSITION OF THE PARTICULAR
SENTENCE AGAINST PETITIONER GARCIA-GARCIA, AS REQUIRED BY TITLE
18 U.S.C. §3553(c), AND COUNSEL WAS INEFFECTIVE FOR FAILING
TO OBJECT, ARGUE, AND/OR LITIGATE SAME VIA PETITIONER'S APPEAL

Petitioner Armando Garcia-Garcia contends herein that the sentencing
court erred in failing to state in open court during the underlying sentencing
proceedings, the reasons for the Court's imposition of the particular sentence
of life imprisonment against Petitioner Garcia-Garcia, as required by Title
18, United States Code, Section 3553(c).

Specifically, 18 U.S.C. §3553(c) provides in pertinent part that, "[T]he
Court, at the time of sentencing, 'shall' state in open court the reasons
for its imposition of the particular sentence, and if the sentence imposed
-- (1) is of the kind, and within the range, described in subsection (a)(4)
and that range exceeds 24 months, the reason for imposing a sentence at a
particular point within the range; or (2) is not of the kind, or is outside
the range, described in subsection (a)(4), the specific reason for the
imposition of a sentence different from that described."     Id. §3553(c)

The sentencing court imposed sentence against Petitioner Garcia-Garcia
at the very top of the guideline range. That range exceeded 24 months, yet
the sentencing court failed to provide reasons for imposing a sentence at
the top of the guideline range.

Although the sentencing court opined that, "[H]owever, the fact is,
that there are a lot of aggravating circumstances that this case has which
are not taken care of by the mere appplication of the criminal history rules,"

- 16 -

the sentencing court's opinion thereof is not sufficient to identify for purposes of justification, the sentencing court's upward sentencing, to allow, inter alia, effective appellate review thereof.

Furthermore referenced the instant issue at bar, Petitioner Garcia-Garcia contends that counsel was ineffective in failing to object to and/or adequately litigate this sentencing error on direct appeal on behalf of Petitioner Garcia-Garcia, consistent with Garcia-Garcia's Sixth Amendment right obliging counsel to do so.

Case law authority supportive of this claim is rare solely on account of the novelty and rare transgression of §3553(c), however, the First Circuit has ruled upon a similar claim in the matter of United States v. Jimenez-Martinez, 83 F.3d 488 (1st Cir. 1996), where the First Circuit held in pertinent part that the sentencing court therein was required, as required in this case the same, to "state in open court the reasons for [the] imposition of the particular sentence" imposed in due accord with §3553(c).

Although the sentencing court stated in open court the reasons for the imposition of the particular sentence in Jimenez-Martinez, the sentencing court did not do so here in Garcia-Garcia's proceeding. See for comparison, United States v. Catano, 65 F.3d 219, 230 (1st Cir. 1995); United States v. Schultz, 970 F.2d 960, 963 & n.7 (1st Cir. 1992); and United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. 1990).

Thus, for the foregoing reasons, Petitioner Garcia-Garcia seeks vacation of the underlying sentence with remand for resentencing in accord with §3553.

# G R O U N D   T H R E E

THE SENTENCING COURT ERRED IN DETERMINING THE DRUG QUANTITY ATTRIBUTABLE TO PETITIONER'S OFFENSE CONDUCT FOR SENTENCING PURPOSES WITHOUT MAKING AN INDIVIDUAL FINDING AS TO DRUG AMOUNT AND DRUG TYPE ATTRIBUTABLE TO AND FORESEEABLE BY PETITIONER, THUS SHIFTING THE BURDEN OF THE DRUG QUANTITY ATTRIBUTABLE TO THE CONSPIRACY AS A WHOLE AGAINST PETITIONER FOR GUIDELINE SENTENCING PURPOSES, AND COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO SAME, AND LITIGATE SAME ON PETITIONER'S APPEAL

Petitioner Garcia-Garcia conclusively contends that the sentencing court erred in determining the drug quantity attributable to Garcia-Garcia's underlying offense conduct  for sentencing purposes without making any individual findings as to the drug amount and drug type attributable to and foreseeable by Petitioner Garcia-Garcia, consequentially shifting the drug quantity attributable to the conspiracy as a whole against Petitioner Garcia-Garcia for guideline sentencing purposes, violative of §1B3.3 of the United States Sentencing Guidelines.

Burdened with an unresolved record being prepared in the sentencing proceeding, Petitioner Garcia-Garcia is compelled to argue this claim based solely upon the judge-made findings set forth in the sentencing transcripts:

> "[A]ll right. The way the Court sees it, in this particular case, it's very easy to reach 38, with the record that this Court has. On the "palo" alone, which was the stolen drugs in Fajardo, on the "palo" alone we have an excess of 150 kilos...Now, in Rivera Maldonado, United States versus Rivera Maldonado, the Court of Appeals clearly set forth what the standards are in a drug conspiracy case as to the amount of drugs. And those are the drugs that he personally handled or anticipated handling, and under relevant conduct rubric for drugs involved in additional acts of the conspiracy that were reasonably foreseeable by him and

- 18 -

were committed in furtherance of the conspiracy. So, in other words, it's not just what he himself handled, but what is foreseeable could not have been handled in the drug conspiracy..."

Id. Exhibit -G- , page 5 (Sentencing Transcripts)

Challenging the preponderance of the evidence formulated judge-made findings reference the 200 kilogram theft of cocaine from the town of Fajardo, Petitioner Garcia-Garcia certifies that he was incarcerated from September 25, 1992 through April 21, 1993, for state violations of Article 406, see Exhibit -D- (PSI)[page 9, ¶26], thus significantly incapable of foreseeing co-conspirator Rene Gonzales Ayala's theft of the subject 200 kilograms of cocaine commenced in early 1993.

While Petitioner Garcia-Garcia acknowledges that a narcotics conspirator is responsible not only for drugs he actually handled or saw, but also for the full quantity of drugs that he reasonably could have foreseen to be embraced by the conspiracy he joined, United States v. De La Cruz, 996 F.2d 1307, 1314 (1st Cir. 1993); United States v. Rodriguez, 162 F.3d 135, 149 (1st Cir. 1998), Garcia-Garcia contends that the sentencing court, moreso notwithstanding the jury's verdict holding Garcia-Garcia, inter alias, responsible for encompassing a "measurable amount" of narcotics (drug type unknown), erred in assessing that amount without factual findings as to the drug amount and drug type of which Petitioner's sentence was imposed.

The application of an issue of this caliber is derived from the noted applicable statutory maximum in a drug conspiracy case from a conspiracy-

- 19 -

wide perspective. <u>Derman v. United States</u>, 298 F.3d 34, 43 (1st Cir.), cert. denied, 537 U.S. 1048 (2002). Nevertheless, First Circuit precedent reference this issue requires a defendant-specific determination of drug quantity as a benchmark for individualized sentencing under the guidelines. <u>United States v. Bradley</u>, 917 F.2d 601 (1st Cir. 1990); U.S.S.G. §1B1.3. Thus, when a sentencing court determines drug quantity for the purpose of sentencing a defendant convicted of participating in a drug-trafficking conspiracy, the sentencing court is required to make an individualized finding as to the drug amounts attributable to, or foreseeable by, that defendant. In the absence of such an individualized finding, such as in this case herein, the drug quantity attributable to the conspiracy as a whole cannot automatically be shifted to the defendant. See <u>United States v. Valencia-Lucena</u>, 988 F.2d 228, 234-35 (1st Cir. 1993), citing outer-circuit, <u>United States v. Thompson</u>, 944 F.2d 1331, 1343-44 (7th Cir. 1991).

Petitioner Garcia-Garcia contends meritoriously that the foregoing principle is dispositive in this case. Where, as here, the sentencing court is evidenced to have based Its drug amount and type attributed to Petitioner Garcia-Garcia on a theft of cocaine of which Garcia-Garcia was not involved, and moreso incarcerated prior to the theft and during the theft, Petitioner Garcia-Garcia affirms that further analysis is unnecessary, and, given the lack of any individualized findings of drug quantity and drug type below, Garcia-Garcia's sentence should respectively be vacated and remanded back to the sentencing court for resentencing to be accompanied by particularized findings as to the drug amount and drug type attributable and foreseeable.

G R O U N D   F O U R

PETITIONER'S SENTENCE WAS IMPOSED IN VIOLATION OF THE SIXTH
AMENDMENT OF THE U.S. CONSTITUTION, WHERE PETITIONER'S ASSESSED
SENTENCING RANGE UNDER THE SENTENCING GUIDELINES WAS INCREASED
BEYOND THE MAXIMUM HE WOULD HAVE RECEIVED IF PUNISHED ACCORDING
TO THE FACTS REFLECTED IN THE JURY VERDICT ALONE, BASED UPON
THE SENTENCING COURT'S ADDITIONAL JUDGE-MADE FINDINGS UNDER
THE ERRED 'PREPONDERANCE OF THE EVIDENCE' STANDARD OF REVIEW,
RATHER THAN THE APPROPRIATE BEYOND A REASONABLE DOUBT STANDARD
OF REVIEW AND COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY
RAISE AND ARGUE SAME WITHIN PETITIONER'S APPELLATE CONTENTIONS

Petitioner Garcia-Garcia advances herein in contending that his sentence
was imposed in violation of the Sixth Amendment of the U.S. Constitution,
where Garcia-Garcia's sentencing range pursuant to the federal sentencing
guidelines was increased beyond the maximum range he would have received
if punished according to the facts reflected in the jury verdict alone,
based upon the sentencing court's additional judge-made findings under the
erred 'preponderance of the evidence' standard of review, rather than the
appropriate 'beyond a reasonable doubt' standard of review, and that counsel
was grossly ineffective in failing to adequately raise and argue same on
Petitioner's behalf during the sentencing/appellate proceedings underlying.

Specifically, Petitioner Garcia-Garcia's underlying sentence imposed
violates Petitioner's Sixth Amendment right under the U.S. Constitution,
as well as the Sixth Amendment jurisprudence set forth by Jones v. United
States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000);
Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington, 542 U.S. ___
(2004); and United States v. Booker, 543 U.S. ___ (2005), where the liable
drug quantity, drug type, and firearm possession alleged to have been the

- 21 -

scope of the conspiracy and act in furtherance of the conspiracy was not submitted to the jury nor proven to the jury beyond a reasonable doubt as required by Petitioner's Sixth Amendment protections under the United States Constitution obligating the government to prove every essential fact and element of the offense capable of increasing Petitioner's maximum sentencing exposure to the jury beyond a reasonable doubt, accepting nothing less as constitutionally permissible.

Furthermore, Petitioner Garcia-Garcia asserts that counsel was grossly ineffective for failing to adequately raise and argue same on behalf of Garcia-Garcia throughout the underlying sentencing/appellate proceedings, in partial fault of counsel's appearing at Petitioner's sentencing hearing unprepared and incapable of arguing the issue, see Sentencing Transcripts attached hereto as EXHIBIT  -G-  (page 4, lines 2-7), and counsel's evidenced subsequent fault of disregarding the issue from direct appeal litigation.

This is illustrated upon a review of the underlying sentencing and appellate record below exhibiting absolutely no claim nor argument being interjected on behalf of Petitioner Garcia-Garcia pertaining to any Sixth Amendment jurisprudence as that set forth in Jones, Apprendi, and Ring, supra, concerning the sentencing judge's additional findings under the erred preponderance of the evidence standard, which consequentially caused Garcia-Garcia's sentencing range to be increased and ballooned beyond the maximum sentencing range exposed by the jury's verdict alone.

In arguendo, Garcia-Garcia does not allow the record herein to omit citation of counsel for co-conspirators independently appealing same.

- 22 -

Argued October 5, 1998, and decided March 24, 1999, eleven (11) months prior to Petitioner's sentencing, the Supreme Court of the United States encountered the matter of Jones v. United States, 526 U.S. 227 (1999), where the Supreme Court, based upon a survey of a series of cases over the past quarter century, dealing with due process and the guarantee of trial by jury, identified a principle of constitutional law, suggested, but never actually adopted by those cases, "[A]ny fact, other than the fact of a prior conviction, that increases the maximum penalty for a crime ... must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."

Although this decision impacted Petitioner Garcia-Garcia's case with full force and application, counsel failed to argue the matter at sentencing.

A little over a year later, an attorney acting contrary to counsel's practice, did what Garcia-Garcia's counsel should have done, presenting to the sentencing court and throughout appellate proceedings to the Supreme Court, the matter of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi argued to the Supreme Court that the imposition of a penalty greater than the stautory maximum based upon a finding by the sentencing court by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, violates his due process rights.

In considering this claim, the Court began by noting that "[a]ny possible distinction between an 'element' of a felony offense and a 'sentencing factor' was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's finding.

In the view of the Court, this historic link between verdict and judgment and the concomitant proscription of judicial authority to impose a sentence outside the 'range of sentencing options' prescribed by the legislature,

pointed to the conclusion that "[t]he judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment and found by the jury. Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a seperate legal offense.

On this basis, the Court adopted the constitutional rule previously suggested in Jones: "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt. Id. at 490.


Thereafter Jones and Apprendi, drug quantity and drug type under Title 21, United States Code, Section 841 and 846, were held to be nothing less than 'elements of the offense', specifically throughout the First Circuit. See United States v. Robinson, 241 F.3d 115, 118 (1st Cir. 2001).

Following Jones and Apprendi, the Supreme Court reaffirmed the foregoing principle in the matter of Ring v. Arizona, 536 U.S. 584 (2002), decided ten (10) months prior to counsel submitting the initial appellate brief on behalf of Petitioner Garcia-Garcia to the First Circuit Court of Appeals, see Exhibit -J- (appellate brief certificate of service), where the Supreme Court followed the precedent in Jones and Apprendi, holding that the "[S]ixth Amendment did not permit defendants to receive a penalty greater than they could receive under the facts reflected in a jury's verdict, even if a judge's additional findings were characterized as 'sentencing factors'."

In the instant case, Petitioner Garcia-Garcia maintains that at the time of his sentencing proceeding, Jones was standing precedent. Furthermore, preceding counsel's filing of the initial appellate brief on behalf of Garcia-

Garcia, Apprendi and Ring were standing precedent. As such, there exists no valid excuse for counsel's failure to litigate the Sixth and Fourteenth Amendment transgressions as to the sentencing court exceeding the jury's verdict as to the drug quantity, drug type, and firearm possession at issue herein, other than ineffective assistance of counsel.

Of major importance, surfaced during the pendency of Petitioner Garcia-Garcia's direct appeal, and prior to Petitioner Garcia-Garcia's conviction becoming final, is the matter of Blakely v. Washington, 542 U.S. ___ (2004), where the Supreme Court clarified Its precedent holding in Jones and Apprendi, as to the true and prevailing definition of the term "statutory maximum" for purposes of Sixth Amendment implications and sentencing limitations pursuant to the Court's previous holdings in Jones and Apprendi.

There, the Court held that the "statutory maximum" for Jones and Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict. In other words, the relevant statutory maximum is not the maximum sentence a judge may impose without any additional findings, (in this case, the maximum sentence a judge may impose for an offense of conspiring to possess with the intent to distribute a "measurable amount" of the lesser narcotic). The Court went further to articulate that when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to punishment... and the sentencing judge exceeds his sentencing authority.

While the government and his subparts argued that Blakely did not apply to the federal sentencing guidelines used in this case, the matter of United States v. Booker, 543 U.S. ___ (2005) appeared before the Supreme Court for

clarification as to whether Blakely extends to the federal sentencing guidelines, bringing its supportive inquisitor, United States v. Fanfan, 543 U.S. ___ (2005). Not surprisingly, the Supreme Court held that Blakely did in fact apply to the United States Sentencing Guidelines. See also, United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).

Booker was charged with possession with the intent to distribute at least 50 grams of cocaine base. Having heard evidence that he had 92.5 grams in his duffel bag, the jury found him guilty of violating 21 U.S.C. §841(a)(1).

Petitioner Garcia-Garcia similarly was charged with the intent to distribute multi-kilograms of narcotics, however, the jury found Garcia-Garcia guilty of violating 21 U.S.C. §841(a)(1) after finding that Garcia-Garcia and others distributed a "measurable amount" of said narcotics.

Fanfan was similarly charged with conspiracy to distribute and to possess with intent to distribute at least 500 grams of cocaine base, also in violation of 21 U.S.C. §841(a)(1), wherein the jury verdict reflected Fanfan's foreseen culpability of 500 or more grams of cocaine base thereupon.

In reviewing the matter upon certiorari, the Supreme Court held in the matters of Booker and Fanfan that the sentencing court was limited to the quantity and type of narcotics reflected solely by the jury verdict.

As to the sentencing of Booker, said sentencing range should have been 210-262 months imprisonment. As to the sentencing of Fanfan, said sentencing range should have been 188-235 months imprisonment. As to the sentencing of Petitioner Garcia-Garcia, said sentencing range should have been 10-16 months imprisonment. i.e., (Base Offense Level 12 / Criminal History Category I)

At a current suffered sentence of life imprisonment, Petitioner Garcia-Garcia herein contends that his sentence exceeds the maximum authorized by law, based upon inadvertent error neglected to be brought to the attention of the sentencing court by counsel, thus moreso upon demonstration of gross ineffective assistance of sentencing and appellate counsel.

For these reasons, Petitioner Garcia-Garcia herein moves this Honorable Court, pursuant to Title 28, United States Code, Section 2255, and applicable case law authorities cited herein, for the vacation of his sentence, and remand of said sentence to this Honorable Court for resentencing in accord with the Sixth Amendment jurisprudence and criminal history provisions avered the same.

Most Respectfully Submitted,

Armando Garcia-Garcia
Petitioner, pro se
Register No. 14932-069
FCC USP Coleman
P.O. Box 1033
Coleman, FL 33521-1033

## CERTIFICATE OF SERVICE:

I, Armando Garcia-Garcia, Petitioner of the foregoing PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255, hereby certify that a true and correct copy of same was furnished upon the Honorable Clerk of Court, United States District Court, Room 150, Federal Building, San Juan, Puerto Rico 00918-1767, accompanied by two additional copies for the Clerk's service upon the respective party delegated by the government to respond hereto, in accord with Rule 3 of the Rules Governing Section 2255 Proceedings, this 22ᵗʰ day of May 2005.

Most Respectfully Certified,

Armando Garcia-Garcia
Petitioner, pro se
Register No. 14932-069
FCC USP Coleman
P.O. Box 1033
Coleman, FL 33521-1033

- 28 -