IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Armando Garcia-Garcia,**          *

    Movant,                              *

                                                     *     Crim. No.: **97-076 (DRD)**

vs.                                                    *

**UNITTED STATES OF AMERICA,**   *

    Respondent.                          *

*   *   *   *   *   *   *   *   *   *   *   *   *

**MOTION FOR REDUCTION OF TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C. §3583**

**COMES NOW**, Movant, Armando Garcia-Garcia, acting in propria persona in this above entitled "Motion," and, does respectfully move this Honorable Court pursuant to **18 U.S.C. §3582** to reduce his term of imprisonment from Life to a term between 324 and 405 months of imprisonment. This reduction would be consistent with the United States Sentencing Guideline ("USSG") **Amendment 706** *as modified by* **Amendment 711**. Said Amendment(s) became applicable to movant on November 1, 2007, and, became retroactively effective on December 11, 2007.

**STATEMENT OF THE RELEVANT FACTS**

The movant was sentenced on February 28, 2000, to a term of imprisonment of Life. To arrive at this calculation it was determined, by the Court that the movant's sentencing range was between 360 months and Life due to the movant's past record and the nature of the offense. Movant's Criminal History Category was/is IV, and, his Offense Level was/is 40.

The court stated that "[b]ased on United States Sentence Guideline **2D1.1**, and the amount of drugs involved in the instant offense a base level of 38 was determined. *The level is determined by the Court, either by 1.5 Kilograms of crack cocaine, which was distributed by the conspiracy and was reasonably foreseen by the defendant or by the 150 Kilograms of cocaine easily reachable by the bust of drugs stolen in Fajardo* ... The criminal history category is not disputed in this case, but it is criminal history four."    "Based on a total offense level of 40 and a criminal history category of four ..." (*See*, Sentencing Transcript ("ST") at p. 2, (02/28/00)).

The Court left unclear as to exactly which type of drug was use for the calculation. Was it the crack cocaine? Or, was if the powder cocaine? Or, was it a combination of them both?

## JURISDICTION

This Court does have jurisdiction of this matter pursuant to **USSG §1B1.10(a)**, and, **18 U.S.C. §3582(C)(2)**, consider:

**USSG §1B1.10(a)**, does state, in relevant part:

"Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2)." **Id**.

**18 U.S.C. §3582(c)(2)**, does state, in relevant part:

"The court may not modify a term of imprisonment once it has been imposed except ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent wit applicable policy statements issued by the Sentencing commission." **Id**.

2

## CLAIM FOR RELIEF

The Movant, consistent with both Statute and Sentencing Guideline, does request and/or require that a reduction in his term of imprisonment from Life to between 324 and 405 months, be calculated, due to the USSG **Amendment 706** *as modified by* **Amendment 711**, and, therefore, be resentenced accordingly.

## ARGUMENT TO THE CLAIM

The movant's Offense Level is/was 40 and his Criminal History Category was/is IV, but, due to the USSG **Amendment 706** *as modified by* **Amendment 711** the movant should be resentenced to between 324 and 405 months of imprisonment due to the two(2) level drop pursuant to the Amendment(s).

Just recently the Supreme Court decided two landmark cases: **Kimbrough v. United States**, 128 S.Ct. 558 (2007), *and*, **Gall v. United States**, 128 S.Ct. 586 (2007).

In **Kimbrough**, the Supreme Court ruled 7-2 that the federal guidelines on sentencing for crack cocaine violations are advisory only, rejecting the lower court ruling that they are effectively mandatory. This ruling validates the views of the U.S. Sentencing Commission that the 100-1 crack vs. cocaine disparity may exaggerate the seriousness of the crack crime.

In **Gall**, a second guideline case, the Supreme Court, by another 7-2 ruling, cleared the way for judges to impose sentences below the specified range and still have such punishment regarded as "reasonable." This ruling overturns a ruling by the Eighth Circuit that a below-guidelines sentence would be reasonable only if justified by "extraordinary circumstances."

The Court in **Gall** went on to hold that "while the extent of the differences between a particular sentence and the recommended Guideline range is relevant, the courts [] must review all sentences -- whether inside, just outside, or significantly outside the Guideline range ... ").

The Honorable Daniel R. Dominguez, at the sentencing hearing, made known that, if

3

necessary "the Court should and the Court does, [] I have not hesitated in resentencing defendants." (**See**, ST at p. 18, (02/28/00)).

With the submission of this motion, the District Court has the opportunity to resentencing the movant to a sentence between 324 and 405 months. The movant will still effectively have a Life sentence, merely with the potential for release at a future date.

**WHEREFORE**, the movant does pray that this Honorable Court will show mercy and resentence him to the lower sentence.

## DECLARATION

I, Armando Garcia-Garcia, do hereby declare, under the penalties of perjury, pursuant to **28 U.S.C. §1746,** that the facts contained herein are true and correct to the best of my personal knowledge and belief.

## CERTIFICATE OF SERVICE

I, Armando Garcia-Garcia, do hereby certify, that on this _____19_____ day of May 2008, did place a true and correct copy of this instant "Motion" within the United States Mail, postage pre-paid to: *Jacabed Rodriguez-Coss, AUSA, Torre Chardon, Rm. 1201, 350 Carlos Chardon Avenue, San Juan, Puerto Rico 00918*.

Respectfully submitted,

*/s/ Armando Garcia-Garcia*
Armando Garcia-Garcia
#14932-069
USP-Hazelton
P.O. Box 2000
Bruceton Mills, West Virginia
26525-2000

4



Armando Garcia Garcia
Reg # 14932-069
United States Penitentiary - Hazelton
P.O. Box 2000
Bruceton Mills, West Virginia 26525

United States District Court
To The Clerk of The Court
Room 150 Federal Building
San Juan, Puerto Rico
00918-1767